UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Monique Teshura Knox, | Crim. No.: 4:16-cr-00151-RBH-2 |
| | Civ. No.: 4:17-cv-02642-RBH |
| Petitioner, | |
| v. | **ORDER** |
| United States of America, | |
| Respondent. | |

This matter is before the Court on Petitioner Monique Teshura Knox's pro se motion to vacate, set aside, or correct her sentence pursuant to 28 U.S.C. § 2255. *See* ECF No. 132. The Government has filed a Motion to Dismiss/Motion for Summary Judgment. *See* ECF No. 149. The Court denies Petitioner's § 2255 motion and grants the Government's motion for the reasons herein.[1]

**Background**

On January 9, 2017, Petitioner, represented by attorney James McBratney Jr. ("plea counsel"), pled guilty pursuant to a written plea agreement to Count 6 of the Superseding Indictment, which charged her with possession with intent to distribute and distribution of a quantity of heroin, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C). *See* ECF Nos. 79, 82, & 84. The Court allowed Petitioner to remain on bond both before and after her guilty plea. *See* ECF No. 82. One condition of bond was that she "avoid all contact, directly or indirectly, with any person who is or may be a victim or witness in the investigation or prosecution." ECF No. 34 at p. 2.

---

[1] An evidentiary hearing is unnecessary because "the motion and the files and records of the case conclusively show that [Petitioner] is entitled to no relief." 28 U.S.C. § 2255(b); *see United States v. Thomas*, 627 F.3d 534, 538 (4th Cir. 2010).

1

On January 18, 2017, the United States Probation Office filed a Petition for Action on Conditions of Pretrial Release alleging Petitioner had "made threatening comments to a witness during December 2016." *See* ECF No. 87. The Court signed the petition, an arrest warrant was issued, and Petitioner was arrested. *See* ECF Nos. 88 & 90.

On January 25 and 26, 2017, the Magistrate Judge held a bond revocation hearing. *See* ECF Nos. 91–94. Agent Freddy M. Curry of the Fifteenth Judicial District Drug Force Unit testified that on December 7, 2016, Petitioner (out on bond at the time) was at a gas station when she approached an informant in the case and said, "I knew what you did, and we're going to get your a**." ECF No. 149-2 at pp. 2–3, 7.[2] Agent Curry further testified he believed the information provided by the informant was reliable. *Id.* at p. 11. Plea counsel cross-examined Agent Curry and objected to his testimony. *Id.* at pp. 5–10. The Magistrate Judge concluded Petitioner's alleged conduct did in fact occur but noted it had happened before her guilty plea, and after hearing argument from plea counsel, the Magistrate Judge continued Petitioner on bond with added restrictions. *Id.* at pp. 12–16.

Thereafter, the Probation Office prepared a presentence investigation report ("PSR") determining Petitioner had a Category II criminal history and a base offense level of 24. PSR [ECF No. 122] at ¶¶ 34, 40. The PSR further determined that she had threatened a witness (based on the aforementioned December 7, 2016 incident at the gas station) and therefore applied a two-level enhancement for obstruction of justice under United States Sentencing Guideline ("U.S.S.G.") § 3C1.1, resulting in a total adjusted offense level of 26. *Id.* at ¶¶ 11, 28, 44. The PSR also concluded Petitioner was not entitled to a three-level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1, and

---

[2] Agent Curry also presented a Facebook message that Petitioner sent the informant that same day (December 7); in this message, Petitioner stated, "I know what you did to me. That sh**'s crazy." *Id.* at pp. 4–5.

thus her resulting advisory guideline range was 70 to 87 months' imprisonment. *Id.* at ¶¶ 29–30, 47, 74. Notably, plea counsel filed objections to the PSR—including to the obstruction of justice enhancement and to the denial of acceptance of responsibility. *See* Revised Addendum to PSR [ECF No. 122-2].

On May 10, 2017, the Court conducted a sentencing hearing at which it heard argument from plea counsel and awarded Petitioner a three-level reduction for acceptance of responsibility, thereby reducing her offense level to 23 and resulting in an advisory guideline range of 51 to 63 months. *See* ECF Nos. 127 & 144. The Court further granted plea counsel's oral motion for a downward variance, and ultimately sentenced Petitioner to 48 months' imprisonment followed by three years' supervised release. *See* ECF Nos. 120 & 126. Judgment was entered the same day, *see* ECF No. 126, and Petitioner did not appeal.

On September 25, 2017,[3] Petitioner filed the instant § 2255 motion. *See* ECF No. 132. On November 27, 2017, plea counsel filed an affidavit addressing his representation of Petitioner. *See* ECF No. 144. Thereafter, the Government filed a Motion to Dismiss/Motion for Summary Judgment, *see* ECF No. 149, and Petitioner filed a response in opposition to the Government's motion. *See* ECF Nos. 150 & 163.

## **Legal Standard**

Prisoners in federal custody may attack the validity of their sentences pursuant to 28 U.S.C. § 2255. For a court to vacate, set aside, or correct a sentence under § 2255, a petitioner must prove one of the following occurred: (1) a sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose such a sentence; (3) the sentence was

---

[3] Filing date under *Houston v. Lack*, 487 U.S. 266 (1988).

3

in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). The district court need not hold an evidentiary hearing on a § 2255 motion if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b); *see United States v. Thomas*, 627 F.3d 534, 538 (4th Cir. 2010). The determination of whether to hold an evidentiary hearing ordinarily is left to the sound discretion of the district court. *Raines v. United States*, 423 F.2d 526, 530 (4th Cir. 1970). "Letters, exhibits and other evidence not previously a part of the record may be considered by the court as part of the record in determining the necessity for an evidentiary hearing under Section 2255." *Id.* at 530. "Affidavits also may be submitted and considered as part of the record." Rule 7, Rules Governing § 2255 Proceedings.

"When the district court denies § 2255 relief without an evidentiary hearing, the nature of the court's ruling is akin to a ruling on a motion for summary judgment." *United States v. Poindexter*, 492 F.3d 263, 267 (4th Cir. 2007). "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see generally* Rule 12 of the Rules Governing Section 2255 Cases ("The Federal Rules of Civil Procedure . . . , to the extent that they are not inconsistent with any statutory provisions or these rules, may be applied to a proceeding under these rules."). "A party asserting that a fact cannot be or is genuinely disputed must support the assertion by: (A) citing to particular parts of materials in the record . . . ; or (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1). "The evidence must be viewed in the light most favorable to the non-moving party, with all reasonable inferences drawn in that party's favor. The court therefore cannot weigh the evidence or make credibility determinations." *Reyazuddin v. Montgomery Cty.*, 789 F.3d 407, 413 (4th

4

Cir. 2015) (internal citation and quotation marks omitted).

"The writ of habeas corpus and its federal counterpart, 28 U.S.C. § 2255, will not be allowed to do service for an appeal. For this reason, nonconstitutional claims that could have been raised on appeal, but were not, may not be asserted in collateral proceedings." *Stone v. Powell*, 428 U.S. 465, 478 n.10 (1976) (internal quotation marks and citation omitted). "Even those nonconstitutional claims that could not have been asserted on direct appeal can be raised on collateral review only if the alleged error constituted a fundamental defect which inherently results in a complete miscarriage of justice[.]" *Id.* (internal quotation marks omitted).

## **Discussion**

Petitioner raises a single ground for relief in her § 2255 petition, alleging plea counsel was ineffective for "refus[ing] to pursue" the objection to the two-level enhancement for obstruction of justice. *See* ECF No. 132 at p. 4. She further indicates counsel should have challenged the facts concerning the December 7, 2016 incident at the gas station. *See id.*

Claims of ineffective assistance of counsel must be reviewed under the two-part test enunciated in *Strickland v. Washington*, 466 U.S. 668 (1984). First, a petitioner must show counsel's performance was deficient and fell below an objective standard of reasonableness. *Id.* at 687–88. Second, the petitioner must show prejudice, meaning "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694.

"The performance prong is satisfied when counsel provides reasonably effective assistance, including demonstrating legal competence, doing relevant research, and raising important issues." *United States v. Carthorne*, 878 F.3d 458, 465 (4th Cir. 2017). "Competent performance is evaluated

5

by reference to the reasonableness of counsel's decisions under 'professional norms.'" *Id.* (quoting *Padilla v. Kentucky*, 559 U.S. 356, 366–67 (2010)). "Counsel must demonstrate a basic level of competence regarding the proper legal analysis governing each stage of a case." *Id.* "An attorney's failure to object to an error in the court's guidelines calculation that results in a longer sentence for the defendant can demonstrate constitutionally ineffective performance." *Id.* at 467. "Of course, counsel may have a strategic reason for not raising a particular objection but, in the absence of such a reason, the failure to raise an objection that would be apparent from a thorough investigation is a significant factor in evaluating counsel's performance." *Id.*

"Even though sentencing does not concern the defendant's guilt or innocence, ineffective assistance of counsel during a sentencing hearing can result in *Strickland* prejudice because any amount of additional jail time has Sixth Amendment significance." *Lafler v. Cooper*, 566 U.S. 156, 165 (2012) (internal quotation marks and brackets omitted). "A 'reasonable probability' that the outcome of a sentencing would change is enough to show prejudice." *Carthorne*, 878 F.3d at 470 (citing *United States v. Rangel*, 781 F.3d 736, 746 (4th Cir. 2015)).

Initially, the Court notes that to the extent Petitioner claims plea counsel was ineffective for not challenging the facts regarding the December 7, 2016 incident at the gas station, this claim lacks merit. The record from the bond revocation hearing shows plea counsel contested the incident (as well as the Facebook message sent the same day) by cross-examining Agent Curry and presenting arguments to the Magistrate Judge, and in fact the Magistrate Judge allowed Petitioner to remain on bond. *See* ECF No. 149-2.

Moreover, the Court rejects Petitioner's claim that plea counsel was ineffective for failing to pursue his original objection to the two-level enhancement for obstruction of justice under U.S.S.G.

6

§ 3C1.1.[4] Plea counsel's decision not to go forward with the objection at sentencing was reasonable in light of the fact that the Magistrate Judge had previously concluded—after receiving testimony at the bond revocation hearing—that Petitioner told the informant, "I knew what you did, and we're going to get your a\*\*." *See* ECF No. 149-2 at p. 12 ("THE COURT: Well, the conduct occurred."); *see United States v. Daniels*, 323 F. App'x 201, 211 (4th Cir. 2009) ("The Commentary to § 3C1.1 states that the enhancement should apply to conduct that includes, but is not limited to: '(a) threatening, intimidating, or otherwise unlawfully influencing a . . . witness . . . , directly or indirectly, or attempting to do so[.]'"). Moreover, it was reasonable for counsel to abandon the objection in order to pursue what he (an experienced practitioner in this Court) believed were valid arguments likely to be successful at sentencing: the other objection concerning acceptance of responsibility and the oral motion for a downward variance, both of which the Court decided in Petitioner's favor. Plea counsel's decision is a classic example of "a strategic reason for not raising a particular objection." *Carthorne*, 878 F.3d at 467; *see, e.g.*, *id.* (citing *Gordon v. United States*, 518 F.3d 1291, 1300–03 (11th Cir. 2008), wherein the Eleventh Circuit found "counsel's failure to object did not amount to ineffective assistance per se because counsel may have had strategic reasons not to object" (internal quotation marks and brackets omitted)). Petitioner has not shown deficient performance by plea counsel.

Finally, Petitioner has not shown a reasonable probability that the result of sentencing would have been different had counsel pursued the obstruction of justice objection. *See Rangel*, 781 F.3d at 746 (explaining that in the sentencing context, *Strickland* prejudice requires the petitioner to show "a

---

[4] Section 3C1.1 of the Sentencing Guidelines directs the sentencing court to apply a two-level enhancement to a defendant's offense level if the defendant "willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice with respect to the investigation, prosecution, or sentencing of the instant offense of the conviction" and the obstructive conduct related to the defendant's offense of conviction and any relevant conduct or a closely related offense. U.S.S.G. § 3C1.1.

7

reasonable probability that he would have received a more favorable outcome had his counsel" made a particular challenge). Before sentencing, the Magistrate Judge had determined Petitioner's December 7, 2016 conduct occurred, and Petitioner has not shown a reasonable probability that the Court would have removed the obstruction of justice enhancement if it heard the additional information that she contends plea counsel should have presented at sentencing. Also, as the Government points out, even if the obstruction of justice enhancement had been removed, Petitioner's 48-month sentence still would have fallen within the lower Guideline range (41 to 51 months based on an offense level of 21 and category II criminal history). Most significantly, plea counsel successfully argued the acceptance of responsibility objection and made an oral motion for a downward variance, which allowed Petitioner to obtain a sentence below her advisory Guideline range. Petitioner has not shown *Strickland* prejudice.

Petitioner fails to satisfy either prong of the *Strickland* test, and therefore the Court will dismiss her § 2255 motion and grant the Government's Motion to dismiss/Motion for Summary Judgment.

### **Certificate of Appealability**

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When the district court denies relief on the merits, a petitioner satisfies this standard by demonstrating that reasonable jurists would find that the court's assessment of the constitutional claims is debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see Miller-El v. Cockrell*, 537 U.S. 322, 336–38 (2003). When the district court denies relief on procedural grounds, the prisoner must demonstrate *both* that the dispositive procedural ruling is debatable, and that the petition states a debatable claim of the denial of a constitutional right. *Slack*, 529 U.S. at 484–85. In this case, the Court concludes that Petitioner has failed to make the requisite showing of "the denial of a constitutional right."

8

**Conclusion**

For the foregoing reasons, the Court **GRANTS** Respondent's Motion to Dismiss/Motion for Summary Judgment [ECF No. 149] and **DENIES AND DISMISSES WITH PREJUDICE** Petitioner's § 2255 motion [ECF No. 132]. The Court **DENIES** a certificate of appealability at this time because Petitioner has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Petitioner's motion to appoint counsel, motion for copies,[5] and motion for subpoena [ECF Nos. 142, 147, & 161] are **MOOT**.

    **IT IS SO ORDERED.**

Florence, South Carolina  
July 19, 2018

s/ R. Bryan Harwell  
R. Bryan Harwell  
United States District Judge

---

[5] *See* ECF No. 158 (directing the Clerk to send Petitioner a *Roseboro* order and a copy of plea counsel's affidavit).